**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ANTHONY D. JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-2720-RWS |
| DAVITA, INC. and | : | |
| TOTAL RENAL CARE, INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This case is before the Court for consideration of the Report and Recommendation ("R&R") [65] of Magistrate Judge Gerrilyn G. Brill. After reviewing the record, the Court enters the following Order.

Plaintiff brought this employment discrimination case alleging race discrimination, sex discrimination, and retaliation. In the R&R, the relevant facts are recounted, and the Court incorporates those facts herein. Judge Brill recommends that Defendants' Motion for Summary Judgment be granted as to Plaintiff's discrimination claims but denied as to Plaintiff's retaliation claims. The Court will address each of those claims, in turn.

As to his discrimination claims, Plaintiff successfully established his *prima facie* case, and the parties agree that Plaintiff suffered an adverse employment action. (R&R at 17.) Though Defendants challenge whether Plaintiff has shown that he was replaced by someone outside his protected class, the conclusion in the R&R is that Plaintiff satisfied this prong of the prima facie case, and the undersigned agrees. (Id.) Defendants offered as a legitimate, non-discriminatory justification for Plaintiff's termination the dissatisfaction of Plaintiff's supervisor, Lakila Richardson, and presented evidence of a number of specific incidents to show Plaintiff's inadequate performance. (R&R at 18-19.) The R&R concluded that Plaintiff failed to offer sufficient evidence from which a reasonable jury could find that Defendants' proffered reasons for Plaintiff's termination were mere pretext for sex discrimination and race discrimination. (R&R at 27.) In the R&R, Plaintiff's evidence of pretext was summarized as follows:

> When all of the above evidence is added together, it is not sufficient to permit a jury in find in Johnson's favor. Johnson's statistical evidence has no probative value, and other employees' opinions about Richardson being racist are not admissible. In addition, Johnson's removal before the end of his PIP sheds little light on Richardson's motivations. Thus, the only real evidence of pretext for the jury to consider is Johnson's perception that

2

> Richardson was nicer to black females than she was to him, and Richardson's testimony that she herself was a victim of discrimination in the past. It would take quite an inferential leap to infer discrimination from Johnson's socialization habits and her personal history, and no reasonable jury could make that leap in light of Richardson's well-documented concerns about Johnson's performance. Thus, Johnson's discrimination claims cannot survive summary judgment under the McDonnell Douglas framework.

(R&R at 27.)

In his Objections, Plaintiff challenges the failure of the R&R to consider Plaintiff's testimony "that Richardson imposed more stringent and exacting standards on Johnson than on his African-American female successor." (Pl.'s Obj. [67] at 13.) This evidence was excluded as hearsay that could not be considered in ruling on the Motion for Summary Judgment. (R&R at 22.) Plaintiff argues that the evidence should have been considered because the statement could be reduced to admissible evidence at trial because Plaintiff's successor, Pamela White, can testify at trial. Plaintiff relies on the holding in Jones v. UPS Ground Freight, 683 F.3d 1283, 1295 (11th Cir. 2012), that "the most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial."

3

Defendants argue that Plaintiff's position has been rejected citing Macuba v. Deboer, 193 F.3d 1316 (11th Cir. 1999). In Macuba, the Court offered the following illustrations of when hearsay might be reduced to admissible form: "the statement might be admissible because it falls within an exception to the hearsay rule, or does not constitute hearsay at all (because it is not offered to prove the truth of the matter asserted), or is used solely for impeachment purposes (and not as substantive evidence)." Id. at 1323-24. It is not clear that the holding in Macuba is as restrictive as urged by Defendants. In fact, the Macuba court acknowledges that the availability of a declarant to appear at trial and testify would justify consideration of a hearsay statement in opposition to a motion for summary judgment. Id. at 1324, n. 18 (explaining the decision in Coker v. Tampa Port Auth., 962 F. Supp. 1462 (M.D. Fla. 1997)).

Defendants also rely on the decisions in Jones, McMillian v. Johnson, 88 F.3d 1573 (11th Cir. 1996), and Pritchard v. S. Company. Servs., 92 F.3d 1130 (11th Cir. 1996) in support of their argument that Plaintiff has merely offered "a suggestion that admissible evidence might be found in the future," which "is not enough to defeat a motion for summary judgment." Jones at 1294. However, in each of these cases, additional facts were present that weighed against

4

AO 72A
(Rev.8/82)

consideration of the evidence. In Jones, the Declarant had given sworn testimony contrary to the alleged hearsay statement. In Pritchard, the Declarant's statements were based on statements of unknown co-workers. In McMillian, the witnesses had given affidavits contrary to the statements the Declarant sought to attribute to them. The statement at issue in this case suffers from none of those shortcomings. There is no evidence that Ms. White would not be available to testify at trial and no evidence contrary to the statements attributed to her.

    The undersigned concludes that it is appropriate to consider the statement attributed to Ms. White for purposes of the summary judgment motion. Ms. White's statement is evidence that the supervisor did not make the same demands on a black, female employee in Plaintiff's position. As noted in the R&R, "Title VII does not prohibit a supervisor from imposing seemingly unreasonable demands, so long as the supervisor treats all employees the same way and does not discriminate based on protected characteristics." See Alvarez v. Royal Atl. Devs., Inc., 610 F.3d 1253-1267 (11th Cir. 2010) (employers are 'free to set unreasonable or even impossible standards,' provided they are not applied in a discriminatory manner)." (R&R at 21.) This evidence, along with

5

evidence that Plaintiff was terminated before the end of his Performance Improvement Plan and that he was viewed as a competent employee by the Regional Operating Directors under whom he worked in the other two regions in which he served as Regional Operating Coordinator, is sufficient to support a finding by the jury that the proffered reason for Plaintiff's termination was pretextual.

Based on the foregoing, Plaintiff's Objections [67] to the R&R are **SUSTAINED**, and Defendants' Motion for Summary Judgment [46] is **DENIED** as to Plaintiff's discrimination claims.

The R&R recommends denying Defendants' Motion for Summary Judgment on Plaintiff's retaliation claims. Plaintiff established a *prima facie* case, and Defendants rely on the same legitimate reasons for their actions as they asserted in response to the discrimination claims. However, Judge Brill concluded that based upon the timing of the supervisor's action and her statement essentially admitting that Plaintiff's complaints factored into her decision-making, there was sufficient evidence from which a jury could conclude that Plaintiff was removed from his position because of his protected

6

activity.

In their objections to the R&R, Defendants argue that the conclusion that there was sufficient evidence of pretext for the retaliation claim is inconsistent with the conclusion that Plaintiff failed to show pretext as to the legitimate non-discriminatory reasons for Plaintiff's discrimination claims. Defendants assert that "if Defendants established that Plaintiff's performance legitimately suffered to the extent it formed the proper basis for his loss of the position at issue, which the Magistrate Judge found, then the 'but-for' causation standard cannot be met." (Defs.' Objs. [68] at 5). Defendants also object that Judge Brill improperly considered the hearsay statement of Ms. Richardson. However, Judge Brill concluded that the statement was not hearsay because it was not offered to prove the truth of the matter asserted therein. The Court agrees with that the statement may properly be considered. Moreover, having found that there was sufficient evidence of pretext on Plaintiff's discrimination claims, the undersigned concludes that there is sufficient evidence to allow the retaliation claim to go forward as well.

7

Based on the foregoing, Defendants' Motion for Summary Judgment [46] is **DENIED**.

The parties shall submit a proposed consolidated pretrial order within thirty (30) days of the entry of this Order.

**SO ORDERED**, this   2nd   day of December, 2014.


*/s/ Richard W. Story*
**RICHARD W. STORY**
United States District Judge